**NORWALK COVE MARINA, INC.,**
Plaintiff–Counter–Defendant–
Appellant–Cross–Appellee,

v.

**S/V ODYSSEUS, Emerald Lady, Inc.,
and Dennis Mehiel, Defendants–Coun-
ter–Claimants–Appellees–Cross–Ap-
pellants.**

Nos. 02–7555L, 02–7567XAP.

United States Court of Appeals,
Second Circuit.

May 27, 2003.

Frederick A. Lovejoy, Lovejoy & Asso-
ciates, Southport, Conn, for Appellant.

Eric D. Grayson, Grayson & Associates,
Greenwich, Conn, for Appellees.

PRESENT: NEWMAN, KATZMANN,
and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CIT-
ED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT,
BUT MAY BE CALLED TO THE AT-
TENTION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES
OF COLLATERAL ESTOPPEL OR
RES JUDICATA.

At a stated term of the United States
Court of Appeals for the Second Circuit,
held at the Thurgood Marshall United
States Courthouse, Foley Square, in the
City of New York, on the 27th day of May,
two thousand three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

This is an appeal and cross-appeal from a judgment entered on April 9, 2002, in the District Court for the District of Connecticut (Warren W. Eginton, District Judge) after a bench trial. Norwalk Cove Marina, Inc. ("Norwalk Cove") brought the action to recover its costs to repair and retrofit a ninety-foot sailboat, S/V Odysseus. The Defendants are Emerald Lady Inc.; its principal, Dennis Mehiel; and the Odysseus, which is owned by the corporate and individual defendants. Asserting admiralty and diversity jurisdiction, the Plaintiffs alleged claims for "Breach of Contract" and "Quantum Meruit/Unjust Enrichment/Restitution." The Defendants counterclaimed, alleging fraud, breach of contract, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. Secs. 42–110a *et seq.*

After a six-day trial, the District Court ruled that the parties had not entered into a contract, thereby rejecting the breach of contract claims in both the complaint and the counterclaims. The Court dismissed the Defendants' fraud counterclaim for lack of clear and convincing evidence of fraudulent misrepresentations. The Court also ruled that Norwalk Cove was owed $186,227.04 as the reasonable value of the services it had rendered to the Defendants. However, the Court also ruled that this sum should be "offset" by the sum of $187,150, representing the cost to the Defendants of repairing Norwalk Cove's faulty workmanship. The Court entered judgment for the Defendants for the dif-

ference between the two sums, $922.96. The Court dismissed the Defendants' CUTPA claim, concluding that this state law claim for punitive damages and attorney's fees was preempted by admiralty law.

The Plaintiff contends on appeal primarily that, for various reasons, the amount determined by the District Court as the cost to the Defendants of making repairs required by the Plaintiff's faulty workmanship is too high. The Defendants urge that the District Court's determination of their cost of repairs is correct and further contend that the District Court's determination of the amount due the Plaintiff on a *quantum meruit*[1] theory lacks sufficient evidentiary support. The Defendants' cross-appeal challenges the dismissal of their CUTPA counterclaim, which sought punitive damages and attorney's fees.

■ At the outset, we affirm the District Court's rejection of the CUTPA counterclaim for punitive damages and attorney's fees as preempted. *See American National Fire Insurance Co. v. Kenealy*, 72 F.3d 264, 270–71 (2d Cir.1995) (attorney's fees); *Ingersoll Milling Machine Co. v. M/V Bodena*, 829 F.2d 293, 309 (2d Cir.1987) (same); *cf. Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir.1989) (punitive damages).

With respect to the parties' conflicting contentions concerning damage calculations, we first reject the Plaintiff's challenge to the calculation of the cost of repairs incurred by the Defendants because we conclude that the factual findings supporting this calculation are not clearly erroneous and that the Plaintiff's legal objec-

---

1. The District Court characterized the theory using the broader term "unjust enrichment," but we think that the claim for the reasonable value of goods and services rendered is appropriately described as *"quantum meruit."*

tions to the Defendants' entitlement to an offset for the cost of repairs are without merit.

■ However, the Plaintiff is correct in one respect: the Defendants are entitled only to *offset* the sums due the Plaintiff with the sums due the Defendants, but are not entitled to any net recovery in the Defendants' favor. The Defendants lost their opportunity for any net recovery in their favor when the District Court correctly dismissed their three counterclaims and, after the close of evidence at trial, refused permission to add a fourth counterclaim for negligence. The Defendants have not challenged this refusal on appeal. Left only with the defense of setoff, the Defendants can do no more than assert their costs of repairs as a reduction of the amount they would otherwise have to pay for the reasonable value of the services rendered by the Plaintiff. By definition, a setoff is a reduction from an amount otherwise owed, *see Black's Law Dictionary* 1376 (7th ed. 1999) ("A debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor."), and cannot result in a net recovery in favor of the party asserting the defense of setoff; *cf. Inter–State National Bank v. Luther,* 221 F.2d 382, 390 (10th Cir.1955) (in banc) ("Counterclaim under Rule 13, F.R.C.P., includes both setoff and recoupment, and is broader than either in that it includes other claims and may be used as a basis for affirmative relief.").

Turning to the Defendants' objections to the calculation of the Plaintiff's *quantum meruit* award, we reject the Defendants' contention that there is a complete absence of evidence to support at least some award for the reasonable value of the services rendered by the Plaintiff. We need not adjudicate the Defendants' objections to specific aspects of the District Court's calculation of the amount of the *quantum meruit* award, because even if the amount of that award were somewhat reduced, the reduction would not benefit the Defendants. Rather it would *pro tanto* reduce the amount of the Defendants' offset for the cost of repairs, but, as noted above, not entitle the Defendants to any net recovery in the absence of a counterclaim.

The Defendants endeavor to support their net recovery by describing the District Court's ruling as an award of $187,150 on the Defendants' counterclaims, against which Norwalk Cove was given a setoff of $186,227.04. *See* Brief for Appellees at 2. That is not what happened. The District Court's opinion clearly states that "the amount of $186,227.04 should be offset by $187,150." As noted, after the District Court's preliminary rulings, no counterclaim of the Defendants remained in the case.

We have considered the parties' remaining contentions and conclude that they lack merit. We therefore modify the judgment to delete the net recovery of $922.96 in favor of the Defendants, and affirm the judgment as modified. The result is no recovery in favor of any of the parties. Under the circumstances, we decline to award any appellate costs.